LYNNE C. HERMLE (State Bar No. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:     +1-650-614-7401

KENNETH P. HERZINGER (State Bar No. 209688)
kherzinger@orrick.com
BROOKE D. ARENA (State Bar No. 238836)
barena@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1-415-773-5700
Facsimile:     +1-415-773-5759

Attorneys for Defendant
McAfee, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENT H. ROBERTS, <br><br> Plaintiff, <br><br> v. <br><br> McAFEE, INC., <br><br> Defendant. | Case No.  CV-09-4303 PJH <br><br> **STIPULATED REQUEST FOR DISMISSAL OF ACTION WITH PREJUDICE AND [~~PROPOSED~~] ORDER RE SAME** |

IT IS HEREBY STIPULATED, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), by and between the parties to this action, acting through their counsel of record, that the above-captioned entire action of all parties and all causes of action be and are hereby dismissed, with prejudice. Plaintiff Kent H. Roberts agrees that, pursuant to the California Anti-SLAPP statute, California Code of Civil Procedure § 425.16, Defendant McAfee, Inc. is entitled to reasonable attorneys fees incurred in this action, and Plaintiff shall provide related consideration to Defendant pursuant to the written Settlement Agreement and General Release between the parties attached hereto as Exhibit A.

Dated: February 23, 2012

HAL K. GILLESPIE
JAMES D. SANFORD
GILLESPIE, ROZEN & WATSKY P.C.

MARY DRYOVAGE
LAW OFFICE OF MARY DRYOVAGE

By: _____/s/ Hal K. Gillespie_____
Hal K. Gillespie
Attorneys for Plaintiff Kent H. Roberts

Dated: February 23, 2012

LYNNE C. HERMLE
KENNETH P. HERZINGER
BROOKE D. ARENA
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Lynne C. Hermle_____
Lynne C. Hermle
Attorneys for Defendant McAfee, Inc.

//
//
//
//
//

The Court having considered the above Stipulation, and good cause appearing therefore,

IT IS HEREBY ORDERED that the claims of PLAINTIFF KENT H. ROBERTS are DISMISSED WITH PREJUDICE, with costs and attorneys' fees to be borne by Kent H. Roberts pursuant to the parties' agreement.

**IT IS SO ORDERED.**

Dated: 2/24/12

_____
The Honorable Phyllis J. Hamilton
United States District Court Judge

*[Seal: United States District Court, Northern District of California — IT IS SO ORDERED, Judge Phyllis J. Hamilton]*

# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release (the "Agreement") is made by and between McAfee, Inc. (the "Company") on the one hand and Kent H. Roberts ("Roberts") on the other.

2. **Roberts's Claims.** Roberts filed suit in United States District Court for the Northern District of California, Case No. 4:09-cv-04303-PJH, against the Company (the "Litigation"), alleging malicious prosecution, defamation, and false light invasion of privacy.

3. **Purpose.** The parties desire to reach a full and final settlement and resolution of all past, present and future claims, controversies and disputes that Roberts has or may have against the Company and the Releasees (as that phrase is defined below), including but not limited to all claims related in any way to Roberts' employment with the Company or the termination of Roberts' employment with the Company, including but not limited to any allegations contained in the Litigation, and that the Company has or may have against Roberts, including but not limited to all claims related in any way to Roberts' employment with the Company.

4. **No Admission.** The parties acknowledge that neither this Agreement, nor promises made pursuant to the Agreement, shall be taken or construed to be an admission or concession of any kind with respect to liability or alleged wrongdoing by either party, each of whom acknowledges that the other denies any wrongdoing or liability. Notwithstanding that, Roberts agrees that the Company is entitled to costs and reasonable attorneys' fees under California's Anti-SLAPP statute for the defense of the Litigation, and the parties agree that the payment of the Consideration set forth in Paragraph 5 below fully satisfies the payment of such fees and costs by Roberts to the Company.

5. **Consideration.** In consideration of this Agreement, Roberts agrees to pay to the Company its costs incurred in the Litigation in the sum of $17,940.00. In addition, Roberts agrees to make a charitable contribution in the amount of $100,000.00 in his name to a charity that is acceptable to the Company. Roberts shall make reasonable efforts to make the



settlement payment to the Company and provide to the Company sufficient documentation of his charitable contribution within thirty (30) days of full execution of this Agreement.

6. **No Other Monies Owed**. Roberts represents warrants and agrees that he is not entitled to receive any monetary payments from the Company and the Releasees (as defined in Paragraph 10) below including, without limitation, wages, bonuses, severance, vacation payments, stock, stock options, or any form of compensation. Roberts specifically acknowledges, represents and agrees that he has no unreimbursed expenses arising out of his employment with the Company that would otherwise be subject to reimbursement. The Company agrees that Roberts' indemnity rights, including advancement of legal expenses arising from law and/or statute, or any existing written agreements, including but not limited to the bylaws and/or charter of the Company and/or the Indemnification Agreement executed on or about August 1, 2001, between Roberts and the Company, are not released by this Agreement and remain intact and unchanged. The Company represents, warrants and agrees that it is not entitled to receive any further monetary payments from Roberts and that the only payments and benefits it is entitled to receive from Roberts now or in the future are those specified in this Agreement.

7. **Dismissal of the Litigation**. Promptly following the execution of this Agreement, the parties shall jointly inform the Court that they have agreed to a settlement, and they shall jointly request that the Court enter judgment as instructed by the Ninth Circuit, if the Court has not done so already, and request that the Court stay the proceedings. Upon receipt of the consideration to the Company and notice from Roberts that he has made the charitable contribution described in Paragraph 5 above, Roberts and the Company shall execute and file a Stipulated Request for Dismissal with Prejudice and Proposed Order to close the Litigation in the form attached as Exhibit A. Roberts also agrees that he shall forego his right to petition the United States Supreme Court for certiorari and that he shall cease all activity in the Litigation.

2



8. **Taxes**. Roberts acknowledges that the Company makes no representations as to the tax consequences or characterization of the nature of the payments made pursuant to this Agreement.

9. **Attorney Fees and Costs**. Except as otherwise set forth in this Agreement, Roberts, on the one hand, and the Company, on the other, each agree to bear their own costs and attorneys' fees and waive any statute, rule of court, provision or legal proposition which might otherwise be relied upon to obtain costs, fees or expenses in connection with Roberts's allegations and causes of action released herein.

10. **General Release**. In consideration for the mutual promises described above, and as a condition of each party's willingness to enter into this Agreement, each party hereby releases, waives and forever discharges the other party and all of its and their respective past, present and future direct and indirect affiliates, subsidiaries, predecessors, successors and assigns, and all of its and their respective past, present and future partners, principals, officers, directors, employees, attorneys, insurers, representatives and agents, whether acting as agents or in individual capacities (the "Releasees") from, and hereby acknowledges full accord and satisfaction of, any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), whether known or unknown, asserted or unasserted, by reason of any act, omission, transaction, agreement or occurrence, that it has ever had, now has or hereafter may have against the other party up to and including the date of the execution of this Agreement. Without limiting the generality of the foregoing, each party hereby releases and forever discharges the other party from:

    (a)    any and all claims relating to or arising from Roberts' employment with the Company, his acts, performance, and decisions while employed at the Company, the terms, conditions, or compensation (including stock options and restricted stock) of the employment, and the cessation of that employment;

    (b)    any and all claims of employment discrimination, harassment, retaliation, or other claim under any federal, state or local statute or ordinance, public policy or the common law, including, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964, the Americans with

3



     Disabilities Act, the Fair Labor Standards Act, the Family Medical Leave Act, 42 U.S.C. §1981, 42 U.S.C. § 1983, the United States Constitution, the Fair Credit Reporting Act, the California Constitution, the California Fair Employment and Housing Act, the California Labor Code, California unfair competition laws (including but not limited to California Business and Professions Code section 17200 et seq.), the California Family Rights Act, and as such laws have been or may be amended;

  (c) any and all claims for employee benefits or contingent compensation, including, without limitation, long term disability benefits, short term disability benefits, other disability benefits, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims for restricted stock units, stock, stock options, bonuses, commissions, or other wages or compensation (this release does not include any release of vested benefits such as 401(k) benefits);

  (d) any and all claims for slander, libel, defamation, negligent or intentional infliction of emotional distress, personal injury, tort, prima facie tort, loss of consortium, invasion of privacy, negligence, compensatory or punitive damages, any illness, injury, impairment, or other physical, mental, psychological or other medical condition, or any other claim for damages or injury of any kind whatsoever;

  (e) any and all claims for monetary recovery, including, without limitation, attorneys' fees, experts' fees, medical fees or expenses, costs and disbursements and the like; and

  (f) any and all claims arising out of the Litigation.

Each party also covenants not to sue the other for any of the claims released above. As stated above, the Company agrees that the Release does not alter or diminish Roberts' indemnity rights described in Paragraph 6.

  11. **Confidential Information.** The Company does not release Roberts from his obligations under the Company's Employee Inventions and Proprietary Assignment Agreement, dated May 1, 1998, or any claims arising thereunder, or his obligations under the attorney-client and work product privileges, to the extent not already waived. The Company represents that it is not currently aware of any such claims.

  12. **Waiver of Unknown Claims.** Roberts and the Company acknowledge the language of Section 1542 of the California Civil Code, which provides:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY



HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER
SETTLEMENT WITH THE DEBTOR.

Roberts and the Company expressly waive the protection of Section 1542. Roberts and the Company understand and agree that claims or facts in addition to or different from those which are now known or believed by Roberts or the Company to exist may hereafter be discovered. It is Roberts's intention to settle fully and release all of the claims Roberts now has against the Company and the Releasees, whether known or unknown, suspected or unsuspected, except as to claims that cannot lawfully be released. And it is the Company's intention to settle fully and release all of the claims the Company now has against Roberts, whether known or unknown, suspected or unsuspected, except as to claims that cannot lawfully be released.

13. **Standing and No Transfer of Claims**. The parties expressly represent and warrant that they have standing to dismiss any and all claims either has or may have against the other party, and that neither is a "debtor" within the meaning of the federal bankruptcy statutes. The parties further represent and warrant that they have not assigned, transferred or conveyed to any person or entity any claim, demand, liability, obligation or cause of action released by this Agreement. The parties agree to indemnify, defend and hold harmless the other party and their respective Releasees from any claims which may be asserted against them based on, or arising out of, any such assignment, transfer, or conveyance.

14. **Notice Before Making Public Statement**. Roberts agrees that he will give written notice to the Company at least five business days in advance of making, issuing, or publishing, directly or indirectly, any statement that disparages or reflects negatively upon the name, reputation, practices or operations of the Company or the Releasees. The fact that Roberts provides notice pursuant to this Paragraph shall not constitute an admission that such statement disparages or reflects negatively upon the name, reputation, practices or operations of the Company or the Releasees; likewise, nothing in this Section shall be deemed to be a waiver of the rights, if any, of the Company or the Releasees to file a claim under applicable law in connection with any statements made by Roberts. The foregoing notice obligation is personal to Roberts only (notwithstanding Paragraph 15). The foregoing notice obligation shall expire on

5



January 31, 2015. Notice pursuant to this Paragraph shall be made in writing and sent via electronic and overnight mail to the Head of Litigation, McAfee, Inc. Legal Department, 5000 Headquarters Drive, Plano, TX 75024. Nothing in this Agreement is intended to limit Roberts' ability to make statements regarding the Company or any other Releasee to Roberts' family, prospective employers, or other people in a non-public setting where Roberts reasonably believes that the statements will remain non-public.

15. **Binding Effect**. This Agreement shall inure to the benefit of and be binding upon the heirs, representatives, parents, marital communities, successors and assigns, to the extent applicable, of each of the parties to it.

16. **Choice of Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California (other than its choice-of-law provisions). In interpreting the language of this Agreement, both parties to the Agreement shall be treated as having drafted this Agreement after meaningful negotiations.

17. **Modification**. This Agreement may be modified only in writing signed by both Roberts and an officer of the Company.

18. **Severability**. If any provision or clause of this Agreement is held to be invalid, void, or unenforceable, the remaining provisions and clauses shall remain in full force and effect, and the parties will use their best efforts to find an alternate way to achieve the same result.

19. **Entire Agreement**. This Agreement is based on the premises and mutual promises contained herein. This Agreement is the entire agreement of the parties pertaining to its subject matter, and all prior or contemporaneous negotiations, agreements, understandings, or representations, whether written or oral, are expressly superseded hereby and are of no further force and effect, with the exception of the Indemnification Agreement, any post-employment confidentiality obligations Roberts has, and the Settlement Agreement and General Release dated December 30, 2010 between the parties, all of which shall survive this Agreement. Each of the parties acknowledges that it has not relied on any promise, representation or warranty, expressed

6



or implied, not contained in this Agreement. Each of the parties acknowledges representation by counsel throughout all negotiations that preceded the execution of this Agreement.

20. **Counterparts**. This Agreement may be executed in counterpart, and has the same force and effect as if all signatures were obtained in one document. Execution of a facsimile copy shall have the same force and effect as execution of an original, and a facsimile signature shall be deemed an original and valid signature.

21. **Headings**. The headings of the paragraphs of this Agreement are inserted for convenience only and shall not be deemed to constitute part of this Agreement or to affect the construction thereof.

22. **Understanding of Agreement**. Each party acknowledges that it has read this entire Agreement, that its counsel has explained the terms and conditions of this entire Agreement to it, and that it understands the Agreement and each of the provisions of the Agreement. Each party acknowledges that its consent to the terms of this Agreement is knowing and voluntary.

Dated: 9 February 2012          _____
                                Kent H. Roberts


                                McAfee, Inc.

Dated: 13 February 2012     By: _____
                                Ron Wills
                                Director of Legal Affairs

7

APPROVED AS TO FORM:

Gillespie, Rozen & Watsky, P.C.

Dated: Feb. 10, 2012      By: *Hal K. Gillespie*
                              Hal K. Gillespie

Orrick, Herrington & Sutcliffe, LLP

Dated: Feb. 13, 2012      By: *Kenneth P. Herzinger*
                              ~~Lynne C. Hermle~~ Kenneth P. Herzinger

OHSWEST:261530395.1

8

1  LYNNE C. HERMLE (State Bar No. 99779)
   lchermle@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025
   Telephone:   +1-650-614-7400
4  Facsimile:   +1-650-614-7401

5  KENNETH P. HERZINGER (State Bar No. 209688)
   kherzinger@orrick.com
6  BROOKE D. ARENA (State Bar No. 238836)
   barena@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA  94105-2669
9  Telephone:   +1-415-773-5700
   Facsimile:   +1-415-773-5759
10
   Attorneys for Defendant
11 McAfee, Inc.

12                UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15

16 | KENT H. ROBERTS            | Case No.  CV-09-4303 PJH

17 |        Plaintiff,           |
                                 | **STIPULATED REQUEST FOR**
18 |    v.                       | **DISMISSAL OF ACTION WITH**
                                 | **PREJUDICE AND [PROPOSED] ORDER**
19 | McAFEE, INC.,               | **RE SAME**

20 |        Defendant.           |

**EXHIBIT A**

IT IS HEREBY STIPULATED, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), by and between the parties to this action, acting through their counsel of record, that the above-captioned entire action of all parties and all causes of action be and are hereby dismissed, with prejudice. Plaintiff Kent H. Roberts agrees that, pursuant to the California Anti-SLAPP statute, California Code of Civil Procedure § 425.16, Defendant McAfee, Inc. is entitled to reasonable attorneys fees incurred in this action, and Plaintiff shall provide related consideration to Defendant pursuant to the written Settlement Agreement and General Release between the parties attached hereto as Exhibit A.

Dated: February __, 2012

HAL K. GILLESPIE
JAMES D. SANFORD
GILLESPIE, ROZEN & WATSKY P.C.

MARY DRYOVAGE
LAW OFFICE OF MARY DRYOVAGE


By: _____/s/ Hal K. Gillespie_____
Hal K. Gillespie
Attorneys for Plaintiff Kent H. Roberts


Dated: February __, 2012

LYNNE C. HERMLE
KENNETH P. HERZINGER
BROOKE D. ARENA
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ Lynne C. Hermle_____
Lynne C. Hermle
Attorneys for Defendant McAfee, Inc.

//
//
//
//
//

The Court having considered the above Stipulation, and good cause appearing therefore,

IT IS HEREBY ORDERED that the claims of PLAINTIFF KENT H. ROBERTS are DISMISSED WITH PREJUDICE, with costs and attorneys' fees to be borne by Kent H. Roberts pursuant to the parties' agreement.

**IT IS SO ORDERED.**

Dated:_____

_____
The Honorable Phyllis J. Hamilton
United States District Court Judge